**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BRIAN KEATING,

    Plaintiff,

v.                                              Case No. 10-15040

WARREN EVANS and                                HON. MARIANNE O. BATTANI
CHARTER COUNTY OF WAYNE,

    Defendants.
_____/

### OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before the Court is Defendants Warren Evans and Charter County of Wayne's Motion to Dismiss. (Doc. 11). A hearing on the motion was held on July 28, 2011, and at the conclusion of the hearing the Court took the matter under advisement. For the reasons that follow, the Court **GRANTS** Defendants' Motion.

## I. INTRODUCTION

In this 42 U.S.C. § 1983 civil rights action, Plaintiff Brian Keating alleges that Defendants Warren Evans and Charter County of Wayne violated his rights under the First, Fourth, and Fourteenth Amendments while Keating worked as a Wayne County Deputy Sheriff. (Doc. 1). At the time, Defendant Warren Evans was the elected sheriff and Keating's boss. (Id. at ¶ 5).

In 2006, Keating ran for sheriff against Evans. (Doc. 1 ¶ 10 and Doc. 19 Ex. 1 ¶ 2). During the election, Keating was transferred from his road patrol position to one at the county jail. (Doc. 11 Ex. B at 6). Keating alleges that he was transferred in retaliation for his candidacy. (Doc. 1 ¶ 10-12). When Keating was informed of his

transfer, he became very upset and announced his resignation. (Doc. 11 Ex. B at 8-9). Keating later calmed down and reported for his transfer position at the jail, but he was not permitted to work. (Id. at 15). Keating filed a grievance through the Collective Bargaining Agreement ("CBA") and proceeded to arbitration. (Doc. 1 ¶ 12 and Doc. 11 Ex. B).

Before the arbitrator heard the grievance, and while Keating still was not working, he was subjected to a traffic stop. (Doc. 1 ¶ 8-9). On March 17, 2007, members of "Evans's elite undercover unit" pulled Keating over on I-96, and administered a sobriety test. Id. After Keating passed, they let him go. (Doc. 19 at 8).

In April 2007, the arbitrator ruled that Keating's resignation should not be given effect and ordered him reinstated to his position at the jail. (Doc. 11 Ex. B at 24). After Keating returned to work, he attended an office Christmas party on December 18, 2007. (Doc. 1 ¶ 8). At the party, he "was advised by a fellow officer that she and other members of the elite undercover team appointed by Warren Evans were instructed to follow plaintiff and to pull Plaintiff over and to cause him to undergo a field sobriety test." (Id. at ¶ 9). Keating claims that Evans ordered this traffic stop in the hopes of catching Keating driving drunk on St. Patrick's Day. (Doc. 19 at 8).

In 2008, Keating again ran for public office. (Doc. 1 ¶ 16). In "December 2008 and/or January 2009," Evans refused to promote Keating to sergeant. (Id. at ¶ 14). In addition, following his reinstatement by the arbitrator, Evans refused to deputize Keating. (Doc. 1 ¶ 13 and Doc. 19 Ex. 1 ¶ 12). At oral argument, Plaintiff's counsel clarified that Evans continued to refuse to deputize Keating for at least eight months following his April 2007 reinstatement.

**II. STANDARD OF REVIEW**

Defendants have brought this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted, "and/or" 12(c), for judgment on the pleadings. (Doc. 11). The same standard of review applies to both subsections of Rule 12. See Tucker v. Middleburg-Legacy Place, 539 F.3d 545, 549-50 (6th Cir. 2008) (analyzing a Rule 12(c) motion under the same standard as a 12(b)(6) motion); see also Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295-96 (6th Cir. 2008).

In reviewing a motion to dismiss, the court "must construe the complaint in the light most favorable to the plaintiff [and] accept all factual allegations as true." In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993). However, the court need not accept as true legal conclusions, conclusory statements, or "threadbare recitals of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, the plaintiff must "state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility "requires showing more than the sheer possibility of relief but less than a probable entitlement to relief." Fabian v. Fuller Helmets, Inc., 628 F.3d 278, 280 (6th Cir. 2010) (citations and internal quotation marks omitted). The court should grant the motion if, accepting the plaintiff's facts as true, "the moving party is nevertheless clearly entitled to judgment" as a matter of law. S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1978); Tucker, 539 F.3d at 549-50.

**III. ANALYSIS**

3

In his single-count § 1983 complaint, Keating alleges that Defendants have violated his First, Fourth, and Fourteenth Amendment rights. As discussed below, the Court finds that Keating's First and Fourteenth Amendment causes of action fail to state a claim on which relief may be granted, and that his Fourth Amendment cause of action is barred by the statute of limitations. Therefore, the Court **GRANTS** Defendants' Motion to Dismiss.

### A. Matters Outside the Pleadings

Both parties have submitted materials outside the pleadings in support of their briefs on the present motion. Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, the court may consider matters outside the pleadings without converting the motion to one for summary judgment if those matters "are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." Weiner v. Klais & Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997). The court may also consider matters of which it may take judicial notice, such as public records, judicial proceedings, and other materials "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Bowers v. Wynne, 615 F.3d 455, 470 (6th Cir. 2010) (Rogers, J., concurring); see also Winget v. JP Morgan Chase Bank, N.A., 537 F.3d 565, 576 (6th Cir. 2008).

The matters outside the pleadings submitted in this case are the April 2007 arbitration award (Doc. 11 Ex. B), the two successive CBAs governing Keating's employment with Wayne County (Doc. 11 Ex. A and Doc. 19 Ex. 3 and 4), and an

4

affidavit from Keating (Doc. 19 Ex. 1).  Both the arbitration award and the CBAs are referred to in the complaint and central to Keating's claims.  (Doc. 1 at ¶¶ 11-13, 20).  Thus, the Court may consider the arbitration award and the CBAs in deciding the present motion.  However, the same is not true of the affidavit.  (Doc. 19 Ex. 1).  It is not referred to in the complaint, nor is it central to Keating's claims.  Because the Court declines to convert the present motion to a motion for summary judgment, the Court will exclude Keating's affidavit from consideration.

### B. 42 U.S.C. § 1983

Keating's § 1983 claim alleges that Defendants violated his First, Fourth, and Fourteenth Amendment rights.  Section 1983 reads in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.  Section 1983 does create new substantive rights; instead, it is "a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266 (1994). To state a § 1983 claim a plaintiff must allege facts showing that (1) he was deprived of a federal right (2) by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 28 (1988).  Defendants do not dispute that Evans was acting under color of state law.  Instead, Defendants argue that Keating has failed to state an actionable claim alleging that he was deprived of any federal right secured by the First, Fourth, or Fourteenth Amendments.  For the reasons that follow, the Court agrees.

5

**C. First Amendment Claim**

Keating argues that the transfer, the traffic stop, and the refusal to deputize and promote were acts of retaliation for his exercise of his First Amendment rights, in violation of 42 U.S.C. § 1983. A claim for First Amendment retaliation must show, "(1) that the plaintiff was engaged in a constitutionally protected activity; (2) that the defendant's adverse action caused the plaintiff to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the adverse action was motivated at least in part as a response to the exercise of the plaintiff's constitutional rights." Paige v. Coyner, 614 F.3d 273, 277-78 (6th Cir. 2010). In addition, for all § 1983 claims, "a plaintiff must allege that he was deprived of a right secured by the Federal Constitution or laws by a person acting under color of state law." Id. (quoting Wolotsky v. Huhn, 960 F.2d 1331, 1335 (6th Cir. 1992)).

The First Amendment protects the right of public employees to speak out on a "matter of public concern." Connick v. Myers, 461 U.S. 138, 145 (1983). Although First Amendment protection covers political speech, it does not extend to mere candidacy. Carver v. Dennis, 104 F.3d 847 (6th Cir. 1997). Therefore, public employees have no First Amendment right to run for office against their bosses and still keep their jobs. Greenwell v. Parsley, 541 F.3d 401, 404 (6th Cir. 2008).

Keating's complaint contains no allegations of any speech on a matter of public concern. (See Doc. 1). Instead, Keating alleges only that he was a candidate for office. Id. Because the First Amendment does not protect mere candidacy, the Court finds that Keating has not alleged that "he was deprived of a right secured by the Federal Constitution or laws by a person acting under color of state law." Paige, 614 F.3d at

277-78. Therefore, the Court finds that Keating has failed to state a First Amendment retaliation claim under 42 U.S.C. § 1983.

At oral argument, Plaintiff's counsel pointed out to the Court a provision in Keating's CBAs prohibiting retaliation for outside political activity, which he argued protected Keating even when engaged in candidacy rather than speech. Counsel contended that this contractual provision gave Keating First Amendment protection against retaliation for candidacy, negating the Sixth Circuit's holding in Carver. Counsel cited no authority for this position, and the Court rejects Plaintiff's argument. The Court finds that the CBAs' protection against retaliation creates not a new First Amendment right, but rather a property interest in Keating's employment, which is protected by the Fourteenth Amendment. That property interest will be discussed below, as part of Keating's due process claim.

### D. Fourth Amendment Claim

Keating also alleges that the March 17, 2007 traffic stop violated his Fourth Amendment rights. Defendants respond that any § 1983 claim arising out of the traffic stop is barred by the statute of limitations. A court may grant a motion to dismiss based on the statute of limitations if the complaint shows that the plaintiff can prove no set of facts on which his claim is not time-barred. New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003).

In Michigan, the limitations period for a § 1983 action is three years. See Wilson v. Garcia, 471 U.S. 261, 275 (1985); Mich. Comp. Laws Ann. § 600.5805(10) (West 2000). Federal law determines when a § 1983 cause of action accrues and the limitations period begins to run. Wilson, 471 U.S. at 269; Sevier v. Turner, 742 F.2d

262, 273 (6th Cir. 1984). Because Keating filed his complaint on December 17, 2010, the statute of limitations bars any cause of action that accrued before December 17, 2007.

A cause of action accrues when the plaintiff "knows or has reason to know of the injury which is the basis of his action." Id. A plaintiff has reason to know of his injury "when he should have discovered it through the exercise of reasonable diligence." Id. (citing Briley v. California, 564 F.2d 849, 855 (9th Cir. 1977)). Courts look to "what event should have alerted the typical lay person to protect his or her rights." Sharpe v. Cureton, 319 F.3d 259, 266 (6th Cir. 2003) (citations omitted). "The inquiry focuses on the harm incurred, rather than the plaintiff's knowledge of the underlying facts which gave rise to the harm." Friedman v. Estate of Presser, 929 F.2d 1151, 1159 (6th Cir. 1991) (citation omitted).

Ordinarily, "the statute of limitations for filing an action alleging an unconstitutional search and seizure begins to run at the time of the injury–when the plaintiff knows or has reason to know about the occurrence of the unconstitutional search." Shamaeizadeh v. Cunigan, 182 F.3d 391, 394 (6th Cir. 1999) overruled on other grounds by Wallace v. Kato, 549 U.S. 384, 392-94 (2007). Thus, Keating's Fourth Amendment claim accrued when he had reason to know that the allegedly unconstitutional search or seizure–the traffic stop–had occurred.

Keating argues that despite knowing that the traffic stop had occurred, he did not have reason to know of the injury to his Fourth Amendment rights until he learned that Evans had specifically ordered the stop. Keating therefore argues that his Fourth Amendment cause of action did not accrue until December 18, 2007. The Court

disagrees. The subjective motivation for a traffic stop is irrelevant in a Fourth Amendment analysis. Whren v. United States, 517 U.S. 806, 813 (1996). Because the motivation of the officers who stopped Keating is immaterial to any Fourth Amendment violation, Keating's knowledge of that motivation is equally immaterial. If the traffic stop lacked appropriate Fourth Amendment justification, Keating had reason to know that it lacked such justification when the stop occurred. Therefore, the Court finds that Keating's Fourth Amendment claim accrued on March 17, 2007. Consequently, it is barred by the statute of limitations.

### E. Fourteenth Amendment Claim

Although Plaintiff's complaint identifies the Equal Protection Clause as the basis for his Fourteenth Amendment claim in the Prayer for Relief, Plaintiff's counsel made it clear at oral argument that Plaintiff instead intends to raise a due process claim. To state a due process claim, a plaintiff must first allege that he had a property interest protected by the Due Process Clause, and then allege that he was deprived of that property interest without constitutionally adequate process. See Mitchell v. Frankhauser, 375 F.3d 477, 479-80 (6th Cir. 2004). Here, Keating alleges that he had various protected property interests in his employment, as established by the CBAs. (See Doc. 1 at ¶ 21). Keating alleges that the retaliatory transfer to the jail, and Evans's continued refusal to deputize and promote him deprived him of these protected property interests. Id.

However, Keating's complaint is devoid of any suggestion that this alleged deprivation of property was done without constitutional due process. In the context of

employment rights, "the root requirement of the Due Process clause is that an individual be given the opportunity for a hearing." Mitchell, 375 F.3d at 480 (quoting Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985)). The CBAs governing Keating's employment provided for a hearing through the union grievance procedure. Indeed, Keating had previously availed himself of the grievance procedure to challenge his resignation. (Doc. 1 at ¶ 12). The complaint contains no facts alleging that Keating was foreclosed from using the grievance procedure to contest decisions regarding his transfer, promotion, or deputization. Therefore, the Court finds that Keating has failed to state a claim for the violation of his due process rights.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss. Plaintiff's complaint is **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

            s/Marianne O. Battani
            MARIANNE O. BATTANI
            UNITED STATES DISTRICT JUDGE

**DATED:** August 9, 2011

## CERTIFICATE OF SERVICE

Copies of this Opinion and Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
CASE MANAGER
